## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ITSERVE ALLIANCE, INC., et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**EUGENE SCALIA, UNITED STATES SECRETARY OF LABOR, and JOHN PALLASCH, ASSISTANT SECRETARY OF LABOR,**<br><br>**Defendants.** | <u>**Civil Action No. 2:20-cv-14604-SRC-CLW**</u><br><br><u>**OPINION AND ORDER**</u> |

<u>**Introduction**</u>

This matter comes before the Court on Plaintiffs' motion seeking to amend their complaint under FED. R. CIV. P. 15(a)(2) and Local Rule 15(a). Defendants Eugene Scalia and John Pallasch[1] have not opposed the motion.[2] The Honorable Stanley R. Chesler has referred the motion to the undersigned. The Court has carefully considered the relevant submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court GRANTS Plaintiffs' motion.

<u>**Background**</u>

Plaintiffs are information technology and computer servicing companies which employ United States workers and H-1B skilled non-immigrant workers in computer positions throughout the United States. D.E. 1 (the "Complaint") at 2; ¶¶ 1-8. For years, they have participated in the

---

[1] At the time of the Complaint's filing, Scalia was the U.S. Secretary of Labor for the Department of Labor and Pallasch was the Assistant Secretary of Labor for the Employment and Training Administration. The defendants named in the proposed amended complaint are individuals subsequently appointed to comparable positions. Martin J. Walsh (who is not named in the proposed pleading) has subsequently been named as Secretary of Labor. See https://www.dol.gov/general/contact/leadership-team (last visited April 5, 2021). Per FED. R. CIV. P. 25(d), the Court will order the current public officers to be listed as defendants.

[2] Plaintiffs represent that Defendants have advised they take no position on the motion. D.E. 32-1 at 11.

H1-B temporary worker program by filing applications with the Department of Labor ("DOL") to obtain Department of Homeland Security H1-B petitions for their nonimmigrant workers. Id. at 2. Per federal law, Plaintiffs pay their skilled foreign workers the higher of the actual or prevailing wage rates as set by DOL. Id. at 2, ¶ 25.

On October 8, 2020, DOL adopted an interim final rule (the "IFR") entitled "Strengthening Wage Protections for the Temporary and Permanent Employment of Certain Aliens in the United States". 85 Fed. Reg. 63872 (Oct. 8, 2020). Plaintiffs filed suit several days later, alleging that via the IFR, "the Department of Labor dramatically altered the manner in which it calculates prevailing wage rates for the H-1B program"; more specifically, that DOL raised the prevailing wage rates by as much as twenty-four to fifty percent, effective immediately with the IFR's publication, "without prior notice or opportunity for Plaintiffs to submit information and data regarding the basis or soundness of the new wage rule." Complaint at 2-3. In December 2020, Judge Chesler issued an order enjoining DOL from enforcing the IFR pending the outcome of this litigation. See D.E. 26, 27.

The instant motion arises from DOL's January 2021 publication of a final wage rule (the "FWR"). 86 Fed. Reg. 3608 (Jan. 14, 2021). The FWR is a finalized version of the IFR which, among other things, adopts (with certain adjustments[3]) the IFR's prevailing wage amendments. Id. at 3656. Plaintiffs now seek to challenge the FWR by means of an amended complaint. See generally D.E. 32-2 (the "Proposed FAC"). Both the Complaint and the Proposed FAC challenge DOL's rules as (i) being established without following the Administrative Procedure Act's notice and comment rulemaking procedures; (ii) contrary to statute in violation of the Immigration and

---

[3] For example, Plaintiffs allege the FWR will cause prevailing wage rates to increase by up to twenty-three to twenty-seven percent—significantly less than the anticipated increase alleged under the IFR. Complaint at 2-3; D.E. 32-2 at 2-3.

Nationality Act; and (iii) arbitrary and capricious. See Complaint at 2-3, ¶¶ 134-158; Proposed FAC at 3, ¶¶ 170-201. The Proposed FAC thus proceeds on grounds similar, but not identical, to those asserted in the Complaint. See generally D.E. 34-1.

**Legal Standard**

Plaintiffs' motion is governed by FED. R. CIV. P. 15(a)(2), under which "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The "three instances when a court typically may exercise its discretion to deny a Rule 15(a) motion for leave to amend [are] when '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co., 839 F.3d 242, 249 (3d Cir. 2016) (quoting U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014)). "Futility" in this context invokes the same standard of legal sufficiency as that applied under Rule 12(b)(6). See, e.g., Holst v. Oxman, 290 F. App'x 508, 510 (3d Cir. 2008) (quoting Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)). The Third Circuit "has interpreted these factors to emphasize that 'prejudice to the non-moving party is the touchstone for the denial of the amendment.'" Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (quoting Cornell & Co. v. Occupational Safety and Health Rev. Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)). "[T]he fundamental purpose of Rule 15 is to allow a plaintiff 'an opportunity to test his claim on the merits,' and although 'the grant or denial of an opportunity to amend is within the discretion of the District Court,' that discretion is abused if it is exercised without giving the plaintiff sufficient opportunity to make her case." Victaulic, 839 F.3d at 249 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

**Discussion**

Under the circumstances, it seems entirely reasonable to grant Plaintiffs' motion. The FWR adopts and makes final the prevailing wage regulations at issue in the IFR (and by extension, in Plaintiffs' initial pleading). See 86 Fed. Reg. 3608; id. at 3656. It is plain that Plaintiffs should be permitted to make their case against the FWR via the Proposed FAC. See, e.g., White Eagle Coop. Assoc. v. Johanns, Case No. 3:05-cv-00620-AS-CAN (N.D. Ind. 2007), D.E. 90 at 2 (granting motion to amend where "Plaintiffs' proposed amendment clarifies the proceedings by challenging the final partial decision which super[s]eded the interim decision that was the subject of the original complaint"). Plaintiffs moved to amend just over a month after the FWR was published; the Proposed FAC is not facially futile under Rule 12(b)(6); and—particularly because Defendants have not opposed the motion—there is no appreciable prejudice that would result from the amendment. Justice therefore requires that leave to amend be granted.

**Conclusion**

For the reasons stated, it is on this 6th day of April 2021, hereby

**ORDERED** that Plaintiffs' motion for leave to file an amended complaint [D.E. 32] is GRANTED; and it is further

**ORDERED** that Plaintiffs shall file the proposed amended complaint in the form appearing at D.E. 32-2[4] within seven (7) days of this Order; and it is further

**ORDERED** that, pursuant to FED. R. CIV. P. 25(d), the case caption shall be amended such that it removes the defendants named in original the Complaint and names as defendants Martin J. Walsh and Suzan LeVine.

_/s/ Cathy L. Waldor_
Cathy L. Waldor, U.S.M.J.

---

[4] Plaintiffs shall update the caption in the amended complaint as noted below.